# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

YANCEY SHANE HENDERSON

NO. 2022 KW 0396

JUNE 22, 2022

---

In Re:   State of Louisiana, applying for supervisory writs, 22nd Judicial District Court, Parish of St. Tammany, No. 4401-F-2021.

---

**BEFORE:   WHIPPLE, C.J., GUIDRY AND WOLFE, JJ.**

**WRIT GRANTED.** The district court's ruling refusing to order payment of any restitution is vacated. The district court held that the State did not meet its burden of proving with accuracy the value of the stolen property; however, the transcript of the February 16, 2022 restitution hearing reflects that the State introduced evidence that showed the amount the victim paid for the property. In cases where the victim or his family has suffered any direct loss of actual cash, any monetary loss pursuant to damage to or loss of property, or medical expense, when a court places the defendant on probation, it shall, as a condition of probation, order the payment of restitution. The court shall order restitution in a reasonable sum not to exceed the actual pecuniary loss to the victim in an amount certain. See La. Code Crim. P. art. 895.1(A)(1). Accordingly, we remand this case to the district court to consider the evidence of the amount paid by the victim to purchase the property, purportedly introduced in State's Exhibit 1, and to order restitution if the court finds that evidence is competent.

**VGW**
**EW**

Guidry, J., dissents and would deny the writ application. The trial court is not required, nor permitted, to award restitution not supported by the record. **State v. Porche**, 2020-0246 (La. App. 1st Cir. 12/30/20), 318 So.3d 184, 192. Based on the record before this court, I find that the district court did not err or abuse its discretion in not awarding restitution in this case.

COURT OF APPEAL, FIRST CIRCUIT

a.S~ɲ
_____
DEPUTY CLERK OF COURT
FOR THE COURT